1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jose Perez**,<br><br>        Plaintiff,<br><br>    v.<br><br>**Peter S. Hong,** in his individual and representative capacity as trustee of the Hong Family Trust;<br>**Sonya R. Hong,** in her individual and representative capacity as trustee of the Hong Family Trust;<br>**Vumm International, Inc.;** and Does 1-10,<br><br>        Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Jose Perez complains of Defendants Peter S. Hong, in his individual and representative capacity as trustee of the Hong Family Trust; Sonya R. Hong, in her individual and representative capacity as trustee of the Hong Family Trust; Vumm International, Inc.; and Does 1-10 ("Defendants") and alleges as follows:

1

Complaint

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2.  Defendants Peter S. Hong and Sonya R. Hong, in their individual and representative capacities as trustee of the Hong Family Trust, owned the property located at or about 2950 W. Ball Road, Anaheim, California, in October 2014.

3.  Defendants Peter S. Hong and Sonya R. Hong, in their individual and representative capacities as trustee of the Hong Family Trust, own the property located at or about 2950 W. Ball Road, Anaheim, California, currently.

4.  Defendant Vumm International, Inc. owned the Guadalajara Meat Market ("Market") owned the property located at or about 2950 W. Ball Road, Anaheim, California, in October 2014.

5.  Defendant Vumm International, Inc. owns the Guadalajara Meat Market ("Market") owned the property located at or about 2950 W. Ball Road, Anaheim, California, currently.

6.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

2

Complaint

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff goes to the Market to shop regularly (as often as twice a week) and has visited the Market on scores of occasions during the relevant statutory period. This plaintiff's neighborhood market.

11. The Market is a facility open to the public, a place of public accommodation, and a business establishment.

12. Paths of travel are one of the facilities, privileges and advantages reserved by defendants to persons at the property serving the Market.

13.

14. Unfortunately, even though the defendants have a check-out stand that is marked with a sign, the defendants block it off so that persons with disabilities cannot use it.

15. The defendants place a freezer (for ice cream) in front of the stand.

16. Because of this obstruction, plaintiff is forced to use inaccessible check-out stands.

17. Indeed, plaintiff must leave his groceries with strangers who place his

Complaint

merchandise on the check-out counter. Meanwhile, plaintiff wheels to the front of the Market and finishes the rest of his transaction.

18. The defendants have a pattern and practice of barricading the accessible check-out stand so that persons with disabilities cannot use the otherwise accessible check-out stand.

19. The defendants have no policy or plan in place to make sure that the check-out stand's aisle remains clear and free of obstructions.

20. The plaintiff personally encountered these problems. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

21. Additionally, and even though plaintiff did not personally encounter the barriers, the restroom doorway clear passage width is 29 inches and inaccessible to wheelchair users.

22. The restroom mirror is mounted on the wall so that its bottom edge is approximately 49 inches above the floor and is not effectively used by wheelchair users.

23. The restroom provides a toilet stall. However, instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there are no grab bars.

24. The restroom sink is a cabinet style sink that does not provide any knee clearance for wheelchair users.

25. Plaintiff would like to return and patronize the Market.

26. This is plaintiff's neighborhood Market.

27. Plaintiff lives just four miles from the Market.

28. Because of the convenience of this location, plaintiff would like to return.

29. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with

Complaint

disabilities.

30. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

31. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

32. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

33. Plaintiff repleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.

34. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. The minimum clear width for single wheelchair passage shall be 32 inches at a point and 36 inches continuously for no more than 24 inches. 1991 Standards § 4.2.1.

Complaint

36. Here, even though defendants have a check-out stand that would otherwise comply with the law, defendants do not make the check-out stand available to persons with disabilities.

37. All doors to restrooms must have a minimum clear opening of 32 inches with the door open 90 degrees, measured between the face of the door and the opposite stop. 1991 Standards § 4.22.2; 4.13.5; 2010 Standards § 404.2.3.

38. Here, the failure to provide the 32 inch wide restroom doorway and toilet stall openings is a violation of the ADA.

39. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3.

40. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

41. Toilet stalls can conform to the "standard" stall arrangement or an alternate stall arrangement but in either case, there needs to be two grab bars mounted on adjacent or parallel walls next to the toilet for use by persons with disabilities. 1991 Standards § 4.17.6.

42. Here, the failure to provide such grab bars is a violation of the law.

43. Sinks must provide knee clearance of at least 29 inches in height. 1991 Standards § 4.19.2 and Figure 31; 2010 Standards § 606.2 and 306.

44. Here, no such knee clearance was provided and this is a violation of the ADA.

45. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

46. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

7

Complaint

47. Given its location and options, plaintiff will continue to desire to patronize the Market but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

48. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

49. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

50. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: June 20, 2016          CENTER FOR DISABILITY ACCESS

                              By: _____
                              Mark Potter, Esq.
                              Attorneys for Plaintiff

9

Complaint